UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

VENUS CONCEPT USA INC., a
Delaware corporation,

    Plaintiff,

v.

VITAHYDR8, LLC D/B/A
VITAHYDR8 BEAUTY & WELLNESS BAR
an Arizona Limited Liability Company and
ARTENCIA MICHELEI MARTIN,
Individually.

    Defendants.
_____/

## COMPLAINT

Plaintiff, VENUS CONCEPT USA INC. ("Plaintiff"), by and through the undersigned counsel, hereby files the instant Complaint against Defendants, VITAHYDR8, LLC D/B/A VITAHYDR8 BEAUTY AND WELLNESS BAR ("Vitahydr8") and ARTENCIA MICHELEI MARTIN ("Martin") (collectively, the "Defendants"), for damages and equitable relief and, as grounds therefore, states, asserts, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other related relief that exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorneys' fees.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332 on the basis of the amount in controversy exceeding Seventy-Five Thousand and 00/100 ($75,000.00) Dollars and Plaintiff and Defendants being citizens of different States as outlined below.

4827-6978-5583.1

3. Venue is proper in the Southern District of Florida since the parties agreed to litigate their claims in Miami-Dade County, Florida pursuant to the Subscription Agreements that are subject to this action.

4. Plaintiff is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida.

5. Vitahydr8 is a limited liability Company in Mesa, Arizona.

6. Martin is a *sui juris* individual over the age of eighteen (18) who resides in Mesa, Arizona and is the owner of Vitahydr8 and conducted business in and who has guaranteed the performance of Vitahydr8's obligations under the Subscription Agreement that is the subject of this action.

## Introductory Statement

7. Plaintiff is a medical aesthetic device company in the business of developing, commercializing and delivering minimally invasive and non-invasive medical aesthetic and hair restoration technologies and devices to its consumers, such as the Defendants. In or around August 2019, Plaintiff provided and delivered its "Venus Versa" system, as well as additional supplies and goods to the Defendants, to which the Defendants received and accepted. As is explained in greater detail below, Defendants failed to provide Plaintiff the benefit of their bargain and have failed to adequately compensate Plaintiff the reasonable value of the goods and services the Defendants have received, accepted, and enjoyed.

## GENERAL ALLEGATIONS

8. Plaintiff and Vitahydr8 entered into and executed the "Subscription Agreement" dated August 29, 2019 ("Subscription Agreement") whereby Plaintiff promised to deliver certain medical aesthetic device(s), supplies and services (collectively the "Goods") in consideration for

Vitahydr8's promise to pay the "Aggregate Amount" of Ninety-Eight Thousand Five Hundred Fifty-Three and 00/100 ($98,553.00) Dollars in certain monthly installments listed in the Subscription Agreement. A true and correct copy of the Subscription Agreement is attached hereto as **Exhibit "A"** and is incorporated into, adopted, and made a part hereof through this reference.

9. On the same day as the execution of the Subscription Agreement, Martin executed and delivered a Guaranty to Plaintiff ("Guaranty"), wherein Martin guaranteed the full payment and punctual performance of all obligations of Vitahydr8 under the Subscription Agreement. A true and correct copy of the Guaranty is included within the Subscription Agreement attached hereto and incorporated within **Exhibit "A"**.

10. Plaintiff delivered all supplies and materials listed in the Subscription Agreement to the Defendants, to which Defendants received and accepted.

11. Pursuant to the terms of the Subscription Agreement, Defendants owe Plaintiff, an aggregate amount of One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ($109,835.67) Dollars consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since March 20, 2020.

12. Defendants' failure to make any of the requisite payments due and owing since March 20, 2020 constitutes an event of "Default" under the Subscription Agreement. *See Subscription Agreement,* § 13.a. ("Each of the following is a material default by [the Defendants]: The [Defendants] fail[] to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]").

13. Upon the happening of a Default, the Subscription Agreement allows for and provides Plaintiff with the right to immediately terminate same and to accelerate any and all

payments remaining under the Subscription Agreement that would not have otherwise been due and owing but for the Default:

> **14. Effect of Default –** In the event of any Default, [Plaintiff] may take any one of the following actions (separately or cumulatively): (i) ***terminate this Agreement with immediate effect*** and in such case the provisions of Section 15 below shall apply . . .
>
> **15. Effect of Termination or Expiration** – In the event of termination or expiration of this Agreement, the following shall apply:
>
> The [Defendants] shall pay forthwith (without notice) to [Plaintiff] as liquidated damages, and not as a penalty, an amount . . . equal to the aggregate of:
>
>> (i) ***Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default*** [(i.e., March 20, 2020)], and
>>
>> (ii) The unpaid value of:
>>
>>> (A) Any remaining Monthly Installment payable from the date of Default, and
>>>
>>> (B) Amounts otherwise payable under the Agreement, and
>>
>> (iii) ***Any Enforcement Costs*** [(which include "all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of [Plaintiff's] rights or remedies, sale[,] or re-lease costs or other realization costs)] incurred by [Plaintiff], and
>>
>> (iv) ***Interest thereon*** [(at the rate of eighteen percent (18%) per annum)] from the date of the Default [(i.e., March 20, 2020)] until payment in full.

*Subscription Agreement,* §§ 14-15 (emphasis added).

14. In connection with the above-quoted language, and because Defendants defaulted by failing to pay all amounts due by their respective due dates or any time thereafter, Plaintiff, by and through the undersigned counsel, delivered a Notice of Termination dated June 10, 2021 to

Defendants terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the clear and unambiguous language of the Subscription Agreement ("Notice of Termination"). A true and correct copy of the Notice of Termination is attached hereto as **Exhibit "B"** and is incorporated into, adopted, and made a part hereof through this reference.

15. As of June 10, 2021, Defendants — jointly and severally — owe Plaintiff: One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ( $109,835.67) Dollars, consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since March 20, 2020.

16. All conditions precedent to filing this action have been met by Plaintiff or have otherwise been waived or excused by Defendants.

17. Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay a reasonable fee for said attorneys' fees and costs; and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses for bringing this action.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

19. This is an action against Defendants, jointly and severally, for breach of the Subscription Agreement.

20. Plaintiff and Defendants entered into and executed the Subscription Agreement.

21. Plaintiff fully performed under the Subscription Agreement by providing Defendants with the Goods.

4827-6978-5583.1

22. Defendants have defaulted under and materially breached the Subscription Agreement by failing and refusing to pay the remaining amounts due and owing to Plaintiff pursuant to same.

23. Plaintiff has suffered damages as a result of Defendants' material breach of the Subscription Agreement.

24. Defendants owe the Plaintiff, an aggregate amount of One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ($109,835.67) Dollars, consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since March 20, 2020.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ($109,835.67) Dollars against Defendants, VITAHYDR8, LLC and ARTENCIA MICHELEI MARTIN, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT II – BREACH OF GUARANTY

25. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

26. This is an action against Martin for breach of the Guaranty.

27. Martin has guaranteed the performance of Vitahydr8's obligations under the Subscription Agreement.

28. As a result of Defendants' breach and default under the Subscription Agreement, Martin is obligated to pay all amounts due and owing Plaintiff under the Subscription Agreement.

29. Plaintiff has demanded that Martin pay to Plaintiff the amounts due and owing under the Subscription Agreement; however, Martin has failed to make the required payments.

30. Martin has breached the Guaranty by failing and refusing to pay Plaintiff the amounts due and owing Plaintiff under the Subscription Agreement.

31. Plaintiff has suffered damages as a result of Martin's breach of Guaranty.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ($109,835.67) Dollars against Defendant ARTENCIA MICHELEI MARTIN, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT III – UNJUST ENRICHMENT

32. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

33. This is an action against Defendants, jointly and severally, for unjust enrichment.

34. Plaintiff conferred to the appreciation of Defendants certain benefits in the form of highly advanced, sophisticated, and costly medical aesthetic equipment, devices, and supplies.

35. Defendants accepted and retained said benefits under circumstances which make it inequitable for them to have retained same without paying the value of the benefits received.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment against Defendants, VITAHYDR8, LLC and ARTENCIA MICHELEI MARTIN, jointly and severally, for damages, prejudgment interest, attorneys' fees and costs, as

well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT IV – OPEN ACCOUNT

36. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

37. This is an action against Defendants, jointly and severally, for open account.

38. At the time of filing this action, Defendants owe Plaintiff on open account One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ($109,835.67) Dollars consisting of the remaining value of the Subscription Agreement, plus interest on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since March 20, 2020.

39. A true and correct copy of Plaintiff's Statement evidencing the outstanding and open account is attached hereto as **Exhibit "C"** and is incorporated into, adopted, and made a part hereof through this reference.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ($109,835.67) Dollars, against Defendants, VITAHYDR8, LLC and ARTENCIA MICHELEI MARTIN, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT V – ACCOUNT STATED

40. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

4827-6978-5583.1

41. This is an action against Defendants, jointly and severally, for account stated.

42. Before the institution of this action, Plaintiff and Defendants had business transactions between them whereby they agreed to the resulting balance as demonstrated by Defendants' signatures and execution of the Subscription Agreement and Plaintiff's furnishing and tender of the Goods. True and correct copies of Plaintiff's Invoices evidencing the agreed upon balance are attached hereto as **Exhibit "D"** and are incorporated into, adopted, and made a part hereof through this reference.

43. Defendants agreed and consented to the monthly installments of the Aggregate Amounts listed in the Subscription Agreement by accepting the Goods and paying a portion of the amounts due and owing from the execution of the Subscription Agreement until March 20, 2020.

44. Defendants never objected to the amounts due and owing Plaintiff and thereby agreed to the resulting balance of same.

45. Defendants have not paid the balance due after a reasonable time and have refused to pay, even though Plaintiff has made demand for payment upon the Defendants.

46. Defendants remain liable to compensate Plaintiff the outstanding balance of One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ($109,835.67) Dollars.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Nine Thousand Eight Hundred Thirty-Five and 67/100 ($109,835.67) Dollars against Defendants, VITAHYDR8, LLC and ARTENCIA MICHELEI MARTIN, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT VI – REPLEVIN

47. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

48. To the extent this Honorable Court denies any and/or all of Plaintiff's prior claims and causes of action, this is an action against Defendants for replevin.

49. Upon best information and belief, Defendants are in possession of the Goods.

50. The Goods are being wrongfully detained and withheld by Defendants.

51. Plaintiff is entitled to possession of the Goods pursuant to their interest in Section 15 of the Subscription Agreement.

52. The Goods have not been taken for a tax, assessment, or fine pursuant to the law.

53. The Goods have not been taken under an execution or attachment against the property of Plaintiff for a tax, assessment, or fine pursuant to the law.

54. Plaintiff has demanded the return of the Goods and Defendants have failed and refused to return same.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for possession of the Goods from Defendants, VITAHYDR8, LLC and ARTENCIA MICHELEI MARTIN, and damages together with attorneys' fees, costs, and any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

[*SIGNATURE ON FOLLOWING PAGE*]

4827-6978-5583.1

DATED: June 18, 2021.    Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Plaintiff, *Venus Concept USA Inc*.
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282
David.Hawthorne@lewisbrisbois.com
Melissa.VanHuss@lewisbrisbois.com
ftlemaildesig@lewisbrisbois.com

BY:    */s/ David Hawthorne*
David M. Hawthorne
FBN 935174

4827-6978-5583.1