UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-22243-CIV-MARTINEZ-BECERRA

VENUS CONCEPT USA INC.,

    Plaintiff,

vs.

VITAHYDR8, LLC d/b/a VITAHYDR8 BEAUTY & WELLNESS BAR, and ARTENCIA MICHELEI MARTIN,

    Defendants.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Default Final Judgment Against Defendants ("Motion"). (ECF No. 14). Counsel for Plaintiff filed supporting documentation as to the relief sought and the amount due in fees and costs from the defaulting Defendants. The Court has considered the motion, supporting documentation, the pertinent portions of the record, and is otherwise fully advised in the premises. For the following reasons, the Motion is granted in part and denied in part.

    I.    Background

Plaintiff is a medical aesthetic device company in the business of developing, commercializing, and delivering medical aesthetic and hair restoration technologies and devices to its customers. (Compl. ¶ 7). On August 29, 2019, Plaintiff Venus Concept USA Inc. ("Venus") entered into a Subscription Agreement with Defendant Vitahydr8, LLC ("Vitahydr8"). (*Id.* ¶ 8). The Subscription Agreement provided that Venus would deliver certain medical aesthetic devices, supplies, and services ("Goods") to Vitahydr8 in exchange for a total of $99,053.07. (*Id.*; ECF

No. 14-2 at 2)  Defendant Artencia Michelei Martin guaranteed the Subscription Agreement on behalf of Vitahydr8.  (*Id.* ¶ 9).  Plaintiffs delivered all Goods owed to Vitahydr8 under the Subscription Agreement.  (*Id.* ¶ 10).  Defendants Vitahydr8 and Martin paid a total of $13,835.40 under the Subscription Agreement but stopped making payments after February 25, 2020.  (Compl. ¶ 12; ECF No. 14-2 at 2).  A total of $85,217.67 remains due and owing under the Subscription Agreement.  (ECF No. 14-2 at 2).

On June 17, 2021, Venus sent Defendants a Notice of Termination, terminating the Subscription Agreement and accelerating all amounts due and owing under the Subscription Agreement.  (ECF No. 1-2).  The Notice stated that Defendants have "been in continuing, unremediated default of their payment obligations under the Subscription Agreement since March 20, 2020[.]"  (*Id.* at 1).  The Subscription Agreement provides that interest on overdue payments shall be paid "at the rate of the lower of (i) eighteen percent (18%) per annum; or (ii) the highest interest rate permitted under applicable law, calculated and compounded monthly[.]"  (ECF No. 1-1 at 6).

Venus asserts five counts against Defendants for breach of contract (Count I), breach of guaranty (Count II), unjust enrichment (Count III), open account (Count IV), account stated (Count V), and replevin (Count VI).  The Clerk of Court entered default against Defendants for failure to answer or otherwise plead to the complaint.  (ECF No. 9).  Venus now moves for final default judgment as to Counts I through V, excluding Count VI for replevin.  (ECF No. 14 at 5–9).

II.   Default Judgment Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment against a party who has failed to plead in response to a complaint. Fed. R. Civ. P. 55(b)(2). The entry of the default constitutes an admission by Defendants of the well-pleaded

allegations in the Complaint. *See Surtain v Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). The Court may enter a default judgment when the well-pleaded allegations in a complaint adequately state a claim for which relief may be granted. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Additionally, "[a] default judgment awarding damages may be entered without a hearing where 'the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016) (citation omitted).

III.   Discussion

The admitted allegations support Venus's breach of contract and breach of guaranty claims. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) ("For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."); *PNC Bank, N.A. v. Healey Plumbing, Inc.*, No. 19-Civ-60068, 2019 U.S. Dist. LEXIS 96125, at *2 (S.D. Fla. June 6, 2019) ("The same elements required to prove a breach of contract claim must be established to successfully allege a breach of guaranty claim."). Based upon the well-pleaded factual allegations, and Venus's supporting declaration, (ECF No. 14-2), the Court finds a sufficient basis in the record to enter default judgment in Venus's favor on its claims for breach of contract and breach of guaranty.

Because the Court enters judgment in Venus's favor on its claims for breach of contract and breach of guaranty, the Court denies Venus's motion for final default judgment as to its claims for unjust enrichment, open account, and account stated. *See Burstein v. First Penn-Pacific Life Ins. Co.*, No. 01-985-Civ, 2002 U.S. Dist. LEXIS 28115, at *23 (S.D. Fla. Feb. 11, 2002) ("[A] plaintiff cannot recover under both a claim for unjust enrichment and a claim for breach of contract

. . . ."); *Xenacare Holdings, Inc. v. CVS Caremark Corp.*, No. 11-80785-CIV, 2011 U.S. Dist. LEXIS 168698, at *2 (S.D. Fla. Nov. 28, 2011) ("Although a plaintiff may bring causes of action in the alternative, a claim for open account fails if it alleges the existence of an express contract."); *Rolyn Const. Corp. v. Coconut Grove PT Ltd. P'ship*, No. 07-20834-Civ, 2007 U.S. Dist. LEXIS 52323, at *5–6 (S.D. Fla. July 19, 2007) (dismissing with prejudice claims for account stated as duplicative of breach of contract claims). Venus is not entitled to judgment in its favor on its claims for unjust enrichment, open account, and account stated.

    IV.    <u>Damages</u>

The Court must determine damages because the admitted facts establish liability. *See Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 U.S. Dist. LEXIS 96939, at *14 (S.D. Fla. Aug. 30, 2011). An evidentiary hearing on damages is not required where, as here, the essential evidence is on record. *Id.* at *15. The Court accepts Venus's representation in its Declaration of Damages that the principal balance on the Subscription Agreement is $85,217.67. (ECF No. 14-2 at 2). The Court, however, disagrees that Plaintiff is entitled to interest on the past due amount at a rate of 18% per annum, compounded monthly.

In a diversity action, state law governs the determination of prejudgment interest. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007). "[P]rejudgment interest accrues until the date of the judgment after which post judgment interest begins to accrue." *Id.* at 1321. The highest rate permitted under Florida law for loans $500,000 or below is 18% per annum simple interest. *See* § 687.02, Fla. Stat.; *see also* § 687.03, Fla. Stat.; *Venus Concept USA Inc. v. Transforming Arts, Inc.*, No. 21-cv-22384, 2021 U.S. Dist. LEXIS 214108, *16 (S.D. Fla. Nov. 5, 2021) (declining to apply interest at a rate of 18% per annum compounded monthly). Accordingly, the simple interest accumulated on a principal of $85,217.67 at a rate of 18% per annum for 675

days (from March 20, 2020 to January 23, 2022) is $28,366.98. Therefore, the Court finds that Venus is entitled to default final judgment against Defendants, jointly and severally, for damages in the principal amount of $85,217.67, plus interest in the amount of $28,366.98, plus post-judgment interest.

Venus also seeks to recover its attorneys' fees and costs pursuant to Section 15 of the Subscription Agreement. (ECF No. 1-1 at 6). Plaintiff represents that the total amount of attorneys' fees in this matter is $5,388.00, and the total costs are $1,540.06. (ECF No. 14-3 at 2). The Court declines to award attorneys' fees and costs at this time due to Venus's failure to comply with the requirements of Local Rule 7.3. *See* S.D. Fla. L.R. 7.3. For example, Venus does not provide the experience and qualification for each timekeeper for whom fees are sought. S.D. Fla. L.R. 7.3(a)(5)(A). *See* (ECF No. 14-3).

V.  Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion for Default Final Judgment, (ECF No. 14), is **GRANTED IN PART AND DENIED IN PART.**

2. Pursuant to Federal Rule of Civil Procedure 58, Final Default Judgment will be entered by separate order.

3. The Court reserves jurisdiction to assess Venus's attorneys' fees and costs. On or before **February 24, 2022**, Venus's counsel shall submit the affidavit(s), compliant with Local Rule 7.3(a), specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorney's fees, and taxable/non-taxable costs.

4. Venus shall immediately send a copy of this Order to the Defendants and file a certificate of service on the record.

5. This Clerk of Court is directed to **CLOSE** this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of January, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record