UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-22243-JEM/Becerra

VENUS CONCEPT USA, INC.,

Plaintiff,

v.

VITAHYDR8, LLC, *et al.*

Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## AWARD OF ATTORNEYS' FEES AND COSTS

**THIS CAUSE** came before the undersigned on the Order of Reference entered by the Honorable Jose E. Martinez referring all matters relating to Plaintiff's Request for Attorneys' Fees and Costs, ECF No. [20].  Previously, the Court entered a Default Final Judgment in favor of Plaintiff Venus Concept USA, Inc., and against Defendants Vitahydr8, LLC and Artencia Michelei Martin, but reserved jurisdiction to assess Plaintiff's attorneys' fees and costs because Plaintiff failed to comply with Local Rule 7.3.  *See* ECF No. [16] at 5.  Thereafter, Plaintiff's counsel filed a Declaration in Support of Plaintiff's Request for Attorneys' Fees and Costs, which describes counsel's professional experience and attaches copies of his billing records reflecting the fees and costs incurred.  *See* ECF No. [19].  The undersigned held a hearing on the Request on March 15, 2023 (the "Hearing"), at which Plaintiff's counsel appeared, ECF No. [23].[1]  After careful consideration of the supporting documentation that Plaintiff's counsel submitted, the statements of Plaintiff's counsel at the Hearing, the pertinent portions of the record, and the applicable law, it

_____

[1] Defense counsel did not attend the Hearing.

1

is **RECOMMENDED** that Plaintiff's Request for Attorneys' Fees and Costs be **GRANTED IN PART AND DENIED IN PART**.

### I.     BACKGROUND

On January 24, 2022, the Court entered a Default Final Judgment in Plaintiff's favor finding that Vitahydr8 breached the Subscription Agreement entered into between the parties and Ms. Martin breached her guaranty of that Agreement.  ECF No. [16] at 3.  Section 15 of the Subscription Agreement provides for Plaintiff's recovery of attorneys' fees and costs.  ECF No. [1-1] at § 15.  It states in pertinent part:

> Venus Concept's costs and expenses incurred as a result of a Default ("**Enforcement Costs**") (including all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of Venus Concept's rights or remedies, sale or re-lease costs or other realization costs) shall be paid by the Customer to Venus Concept forthwith on demand, with Interest accruing thereon from the date such costs and expenses were incurred until payment in full.

*Id*.

The Declaration of Plaintiff's counsel, Vincent F. Alexander, reflects that Plaintiff is seeking $11,268.00 in attorneys' fees and $1,544.23 in costs.  ECF No. [19-1] at ¶¶ 7, 10.  The attorneys' fees requested are based upon 31.3 hours incurred by three attorneys, (i) Mr. Alexander (7.6 hours), (ii) David Hawthorne (6.0 hours), and (iii) Aileen Carpenter (17.7 hours).  *Id*. at ¶ 7.  Plaintiff is not seeking fees for the time that counsel's paralegals expended.  *Id*. at 4, n.1.  The costs that Plaintiff requests consist of the Court's filing fee, service of process on Defendants, and Federal Express charges.  *Id*. at ¶ 10.

### II.     ANALYSIS

Under the American Rule, "each party is traditionally responsible for its own attorney's fees."  *In re Home Depot, Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)).  There are three exceptions to this Rule: "(1)

when a statute grants courts the authority to direct the losing party to pay attorney's fees; (2) when the parties agree in a contract that one party will pay attorney's fees; and (3) when a court orders one party to pay attorney's fees for acting in bad faith." *Id*. at 1079 (citation omitted).  Here, the Subscription Agreement obligates Vitahydr8 and, by virtue of the guaranty, Ms. Martin, to pay Plaintiff "all costs and expenses" that Plaintiff incurred "in respect of collection, legal fees … [and] enforcement of [Plaintiff's] rights or remedies…" as a result of "a Default [under the Agreement]." ECF No. [1-1] at § 15.  Accordingly, the undersigned concludes that Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred in this action.

### A.  Attorneys' Fees

The Eleventh Circuit utilizes the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The lodestar "is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted).  The fee applicant bears the burden of establishing entitlement to the amount of attorneys' fees sought. *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir 1999); *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action.").

At the Hearing, Mr. Alexander advised that his current billing rate is $700.00 per hour. However, the attorneys' fees requested here are based upon a substantially lower hourly rate of $360.00, which was the rate used for this matter.  ECF Nos. [19-1] at ¶ 7; [19-2] at 10, 13, 17, 20, 23, 27.  A "reasonable hourly rate is the prevailing market rate in the relevant legal community for

3

similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  In evaluating the reasonableness of a fee request, the Court may consider its own knowledge and expertise to determine a reasonable hourly rate. *See Norman*, 836 F.2d at 1303 (11th Cir. 1988). Indeed, the Eleventh Circuit has long recognized that the district court "is itself an expert on the question [of reasonable hourly rates in the local market] …and may form an independent judgment either with or without the aid of witnesses as to value." *Maner v. Linkan LLC*, 602 Fed. App'x 489, 493 (11th Cir. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Mr. Alexander is a partner at the law firm of Lewis Brisbois Bisgaard & Smith, LLP ("LBBS") and has been a member in good standing of the Florida Bar since 2009.  ECF No. 19-1 at ¶ 2.  His practice focuses on complex commercial litigation, and he has successfully served as lead counsel in numerous state and federal cases throughout the United States. *Id*.  Mr. Hawthorne was similarly a partner at LBBS with a focus on litigation, and has been a member of good standing of the Florida Bar since 1992. *Id*.  Given the considerable experience of Mr. Alexander and Mr. Hawthorne, and based upon the undersigned's familiarity with the hourly rates charged by attorneys in this District for similar work, the undersigned finds that an hourly rate of $360.00 is reasonable for Mr. Alexander and Mr. Hawthorne.  Accordingly, the undersigned **RECOMMENDS** that the Court approve the hourly rate sought by Mr. Alexander and Mr. Hawthorne.

Ms. Carpenter was an associate at LBBS whose practice focused on complex commercial litigation. *Id*  She has been a member in good standing of the State Bar of Georgia since 2021 and has been licensed to practice in the District of Columbia since 2020. *Id*.  However, at the time

4

that Ms. Carpenter performed work in this matter,[2] she was not a member of the Florida Bar, nor was she admitted *pro hac vice* in this case.  Public records reflect that Ms. Carpenter became a member of the Florida Bar in April, 2022.  *See* https://www.floridabar.org/directories/find-mbr/profile/?num=1035905 (last accessed April 12, 2023).  Given Ms. Carpenter's more limited experience and her status as a non-admitted attorney during the relevant time period, the undersigned **RECOMMENDS** that Ms. Carpenter's hourly rate be reduced to $150.00, which is consistent with the hourly rate typically awarded for paralegals in this District.  *See e.g., Trump v. Clinton*, No. 22-cv-14102, 2023 WL 333699, at *25 (S.D. Fla. Jan. 19, 2023) (concluding that hourly rate of $150.00 is "a reasonable rate for paralegals."); *Venus Concept USA Inc. v. Smith High Inc.*, No. 21-cv-21558, 2022 WL 7609495, at *4 (S.D. Fla. Sept. 28, 2022), (adopted by *Venus Concept USA Inc.*, 2022 WL 7514591 (S.D. Fla. Oct. 13, 2022) (concluding that hourly rate of $150.00 for Ms. Carpenter "is commensurate with her experience and the market rate for similar services provided by non-admitted attorneys.").

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation.  A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)).  A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434.  The billing records reflect that Mr. Alexander expended 7.6 hours on this litigation, Mr. Hawthorne expended 6.0 hours, and Ms. Carpenter expended 17.7 hours.  ECF No. [19-1].  The undersigned has thoroughly reviewed

---

[2] The billing records reflect that Ms. Carpenter worked on this matter between July and December, 2021.  ECF No. [19-2].

the time entries for each of these attorneys, and finds that the hours expended were reasonable. Further, although not reflected in the billing records submitted, Mr. Alexander incurred an additional hour in travel time and attendance at the Hearing, which took place in Miami.[3]

For the foregoing reasons, the undersigned finds that Plaintiff reasonably incurred the following attorneys' fees: $3,096.00 for Mr. Alexander, $2,160.00 for Mr. Hawthorne, and $2,655.00 for Ms. Carpenter.[4]   Accordingly, the undersigned **RECOMMENDS** that the Court award Plaintiff $7,911.00 in reasonable attorneys' fees.

### B.  Costs

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).  Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987) (quotations omitted). The specific costs which may be awarded are as follows:

(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

[3] Mr. Alexander's office is located in Fort Lauderdale.

[4] 8.6 hours x $360.00 = $3,096.00; 6.0 hours x $360.00 = $2,160.00; 17.7 hours x $150 = $2,655.00.

28 U.S.C. § 1920.  Plaintiff is clearly the prevailing party, as it obtained a Default Final Judgment in its favor.  ECF No. [16].

Plaintiff seeks to recover the following taxable and non-taxable costs: (i) $402.00 for the Court's filing fee, (ii) $1,104.36 for service of process, and (iii) $37.87 in Federal Express charges. ECF No. [19-1] at 5.  Plaintiff submitted invoices reflecting each of foregoing costs.  ECF No. [19-2].  As for the first category of costs, "[f]ees of the clerk and marshal include filing fees and are clearly taxable." *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.,* No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, *1 (M.D. Fla. Dec. 17, 2012) (citations omitted).  As such, the undersigned **RECOMMENDS** that the Court award Plaintiff $402.00 for the filing fee.

With respect to the next category of costs, the invoices reflect that Plaintiff incurred $1,104.36 to serve process on both Defendants.  ECF No. [19-2] at 20.  "This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal Service effectuate service." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. May 14, 2007) (citing *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000)).  At the time service of process occurred, the Marshals Service fee was $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3).  The amount that Plaintiff seeks to recover well exceeds the maximum amount charged by the U.S. Marshal.  Accordingly, the undersigned **RECOMMENDS** that the Court award Plaintiff only $130.00 in costs for service of process.

Finally, Plaintiff seeks to recover Federal Express charges incurred for shipping to Defendant Vitahydr8, LLC.  ECF No. [19-2] at 13.  Federal Express charges are not taxable costs under section 1920. *See e.g., Perez v. Saks Fifth Avenue, Inc.*, Case No. 07-21794-Civ-Moore/Simonton, 2011 WL 13172510 at *3 (S.D. Fla. Feb. 14, 2011).  However, the Subscription

Agreement provides for recovery of "all costs and expenses" that Plaintiff incurred. ECF No. [1-1] at § 15. As such, the undersigned concludes that Plaintiff is entitled to recover the Federal Express charges incurred and finds those charges to be reasonable. Accordingly, the undersigned **RECOMMENDS** that Plaintiff be awarded $37.87 in Federal Express charges.

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court award Plaintiff $569.87 in reasonable costs.

### III.    CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Request for Attorneys' Fees and Costs be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff be awarded $7,911.00 in attorneys' fees and $569.87 in costs.

### IV.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. The undersigned finds that a shortened objection period is warranted given that the Parties have had ample time to time to make their arguments in written briefs and at the hearing. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers in Miami, Florida on April 12, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**